CANADY, J., specially concurring.
 

 I agree that the Third District's decision in
 
 State ex rel. City of Aventura v. Jimenez
 
 ,
 
 211 So.3d 158
 
 (Fla. 3d DCA 2016), and the Second District's decision in
 
 City of Oldsmar v. Trinh
 
 ,
 
 210 So.3d 191
 
 (Fla. 2d DCA 2016), should be approved, and that the Fourth District's decision in
 
 City of Hollywood v. Arem
 
 ,
 
 154 So.3d 359
 
 (Fla. 4th DCA 2014), should be disapproved. I join in the majority's rejection of Jimenez's argument that is based on the uniformity requirement of section 316.007, Florida Statutes (2014).
 

 I also agree that Jimenez's argument regarding the meaning of "review" in section 316.0083(1)(a), Florida Statutes (2014), is unavailing. Nothing in the text or context suggests that a narrow reading should be imposed on "review." The statute in no way precludes a local government from contracting with a third-party vendor to provide assistance in screening images from red light cameras in any way the local government sees fit other than authorizing the vendor to issue citations. On this point, the critical issue is not the details of the relationship between the local government and the vendor. Rather, the dispositive point is that the local government conforms to the requirement that only law enforcement officers and traffic infraction enforcement officers-rather than employees of a vendor-may issue traffic citations.
 

 POLSTON and LAWSON, JJ., concur.